February 14, 1978

**78-9   MEMORANDUM OPINION FOR THE
        DEPUTY ASSISTANT DIRECTOR FOR
        LEGISLATIVE REFERENCE, OFFICE OF
        MANAGEMENT AND BUDGET**

**Corporation for Public Broadcasting—
Grants—Monitoring Administration of (47
U.S.C. § 392)**

This memorandum is in response to your request for our opinion concerning the question of administration of existing public educational television or radio broadcasting facilities grants. The question has been raised in connection with proposed legislation now being reviewed by your Office. The issue presented is whether compliance with conditions contained in existing grants previously awarded under the present law should be monitored in the future by the Department of Health, Education, and Welfare (HEW), by the Corporation for Public Broadcasting (CPB), or by some third agency such as the Department of Justice.

Under current law, if, within 10 years after completion of a project for which a grant has been awarded, certain conditions no longer continue to be met, the United States is entitled to recover a proportionate amount of the value of the facilities, determined either pursuant to agreement as to that amount or by judicial action (47 U.S.C. § 392(f)). Although this provision gives the Government a continuing right to seek to recover such amounts, as a practical matter, unless the grantee voluntarily tenders an agreed-upon sum, recourse to a judicial proceeding will be necessary. In future administration of existing grants a key role will continue to be played by the agency charged with monitoring the status of grantees (currently HEW), for only it will become aware of noncompliance with required conditions and be in a position to take steps to recover funds due.

It therefore appears that the potential for recapturing funds cannot realistically be regarded simply as property which can be treated without concern for any trailing strings. The sort of administrative role necessarily required in these circumstances clearly cannot be played by a litigating agency such as the Department of Justice. We question whether CPB should be called upon to

assume authority to monitor these grants where the Corporation's anticipated role with respect to existing grants would be much the same as that currently played by HEW. CPB's carefully preserved nongovernmental status might be legally jeopardized by following so closely in the steps of a government agency. Whether that step should be taken is, of course, a question of policy as to which we express no opinion.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*